OPINION
Defendant-appellant, John W. McQueen, appeals his conviction for felonious assault. For the reasons that follow, we affirm.
On May 13, 1999, appellant was indicted on one count of aggravated robbery and one count of felonious assault. Both counts arose out of a May 6, 1999 incident in which appellant allegedly stabbed James Redding after Redding refused to give appellant money. On the day the jury trial commenced, appellant requested that he be permitted to represent himself during the trial. After an extensive inquiry with appellant, the trial court granted appellant's request to proceed pro se. The jury ultimately returned a guilty verdict on the felonious assault charge and a not guilty verdict on the aggravated robbery charge. On August 2, 1999, the trial court entered judgment accordingly, sentencing appellant to seven years imprisonment.
Appellant timely appealed, raising the following single assignment of error:
 THE TRIAL COURT COMMITS PREJUDICIAL ERROR BY PERMITTING THE DEFENDANT TO SERVE AS HIS OWN COUNSEL WITHOUT FIRST DETERMINING WHETHER HE WAS COMPETENT TO WAIVE HIS SIXTH AMENDMENT RIGHT TO COUNSEL.
In his single assignment of error, appellant argues that the trial court erred in failing to sua sponte refer appellant to a court-appointed psychologist for determination of whether appellant was competent to waive his constitutional right to appointed counsel. In support, appellant highlights several portions of the trial transcript which, appellant contends, indicate that he was not competent and which should have alerted the trial court to further inquire into appellant's mental capacity to forego representation of counsel. In particular, appellant directs this court's attention to the following trial statements by appellant: (1) that he would stipulate to whatever the witnesses said as long as he got to question the victim, Mr. Redding; (2) that appointed counsel had done nothing to prepare for trial; and (3) that he believed that the trial court was going to punish him with a greater sentence if he went to trial. According to appellant, the first statement is reflective of his inability to understand the legal process, and the second and third statements reflect a paranoid or delusional view of the legal system.
A criminal defendant may not be tried or waive his right to counsel unless he is competent. See Godinez v. Moran (1993),509 U.S. 389, 396-397; State v. Berry (1995), 72 Ohio St.3d 354,359 ("Fundamental principles of due process require that a criminal defendant who is legally incompetent shall not be subjected to trial"). The competency standard for waiving the right to counsel is the same as the competency standard for standing trial. Godinez, supra, at 399-400. Thus, a defendant is competent to waive his right to counsel as long as the defendant "`has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him.'" Berry, supra, at 359 (quoting Dusky v. UnitedStates [1960], 362 U.S. 402). "The focus of a competency inquiry is the defendant's mental capacity; the question is whether he has the ability to understand the proceedings." Godinez, supra, at 401, fn. 12.
Further, a court is not required to make a specific competency determination in every case in which a defendant seeks to waive his right to counsel. Rather, a competency determination is necessary only when a court has reason to doubt the defendant's competence. Godinez, supra, at 401, fn. 13; Berry, supra, at 359 (noting that a hearing on the issue of competency rises to the level of a constitutional guarantee where the record contains "sufficient indicia of incompetence," such that an inquiry in the defendant's competency is necessary to ensure the defendant's right to a fair trial). The determination of whether to conduct a mid-trial competency hearing is normally a matter within the discretion of the trial court. Berry, supra, at 360. Here, we find that none of the portions of the trial transcript relied upon by appellant, nor the record as a whole, supports a finding that the trial court abused its discretion in failing to sua sponte
refer appellant to a psychologist for purposes of determining appellant's mental capacity.
First, appellant's offer to stipulate to testimony of witnesses in this case does not indicate a lack of rational understanding of the legal proceedings against him. "[T]he competence that is required of a defendant seeking to waive his right to counsel is the competence to waive the right, not the competence to represent himself." Godinez, supra, at 399. "[A] criminal defendant's [ultimate] ability to represent himself has no bearing upon his competence to choose self-representation."Id. at 400. Further, appellant's offer to stipulate related only to the testimony of the non-victim witnesses — in this case, the Columbus police officer who arrested appellant and the Columbus police detective who later interviewed appellant and the victim. Appellant apparently, and correctly, recognized that the crux of the state's case was the credibility of the victim, Mr. Redding, since he was the only person to witness the events giving rise to the charges against appellant. Appellant never offered to stipulate to the testimony of Redding and, in fact, challenged the victim's credibility and his version of the facts, at least as to the robbery charge throughout the trial.
Second, we find that appellant's remaining references are not reflective of an alleged paranoid and/or delusional view of the legal system sufficient to place in question appellant's competence to waive his right to an attorney. While appellant initially indicated that he believed his appointed counsel had done nothing to prepare for his defense, this mistaken belief was not born out of paranoia or delusion but, rather, out of a poor relationship with his appointed counsel. As counsel stated at trial, she was unable to effectively communicate with appellant because of his verbally abusive conduct to her. Furthermore, appellant's choice to represent himself was principally based not on counsel's failure to prepare, but on appellant's rational (albeit perhaps mistaken) belief that he could more effectively cross-examine the victim given appellant's prior knowledge of and relationship with the victim. Finally, the record indicates that, in response to the trial court's discussion with appellant on the possible maximum sentences that could be imposed if appellant were found guilty, appellant reasonably and naturally sought and received assurances from the trial court that it would not be vindictive in sentencing appellant just because he chose to go to trial and to defend himself. In context, this exchange hardly indicates paranoid or delusional cognitive functioning.
In short, nothing in the record suggests that appellant lacked the ability to rationally consult with a lawyer or that he lacked a rational and factual understanding of the proceedings against him. As such, the record fails to show that appellant was incompetent to waive his right to counsel. Appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 ____________________________ LAZARUS, J.
PETREE and QUILLIN, JJ., concur.
QUILLIN, J., retired, of the Ninth Appellate District, assigned to active duty under the authority of Section6(C), Article IV, Ohio Constitution.